**MARTIN D. SINGER (BAR NO. 78166)**
**DAVID B. JONELIS (BAR NO. 265235)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email:   mdsinger@lavelysinger.com
             djonelis@lavelysinger.com

Attorneys for Defendants
LARCO PRODUCTIONS, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDELL, LLC, a California Limited Liability Company, | CASE NO. 3:23-cv-01264-AGS-DEB |
| Plaintiff, | **DEFENDANT'S ANSWER TO COMPLAINT** |
| vs. | |
| LARCO PRODUCTIONS, INC., a New York Corporation; and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendant LARCO PRODUCTIONS, INC. ("Defendant") hereby answers the Complaint of Plaintiff CORDELL, LLC ("Plaintiff") as follows.

## PARTIES

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and on that basis denies those allegations.

2.     Defendant admits the allegations contained in this paragraph.

3.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and on that basis denies those allegations.

4.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and on that basis denies those allegations.

## BACKGROUND

5.     Defendant admits that the 1988 motion picture *Maniac Cop* was written by the late Lawrence G. Cohen.  Except as so admitted, Defendant denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

6.     Defendant admits that Plaintiff's Complaint alleges a claim that involves a federal question.  Defendant denies that Plaintiff's Complaint asserts any state law claims.

7.     Defendant admits that it is subject to this Court's personal jurisdiction.

8.     Defendants admits that this action was filed in the proper venue.

DEFENDANT'S ANSWER TO COMPLAINT

# FACTUAL BACKGROUND

## FACTS COMMON TO ALL CLAIMS

### Chain of Title For *Maniac Cop*

9.    Defendant admits that a copyright registration for the 1988 motion picture *Maniac Cop* is attached as Exhibit 1 to the Complaint, which registration speaks for itself.

10.    Defendant admits that it is a signatory to a July 1, 1987 Motion Picture Financing, Production, and Distribution Agreement with Marble Hall Productions, Inc. (the "FPD Agreement"), which is attached as Exhibit 2 to the Complaint, and which agreement speaks for itself.

11.    Defendant admits the allegations contained in this paragraph.

12.    Defendant admits that an "Exhibit 1" is attached to the FPD Agreement, which document speaks for itself.

13.    Defendant admits that the motion picture *Maniac Cop* was released worldwide in 1988, and further admits that Defendant received compensation pursuant to the terms of the FPD Agreement.

14.    Defendant admits that a copyright registration for the 1988 motion picture *Maniac Cop* is attached as Exhibit 1 to the Complaint, which registration speaks for itself.

15.    Defendant admits the allegations contained in this paragraph.

16.    Defendant admits that Exhibits 2 through 7 are attached to the Complaint, which documents speak for themselves.  Except as so admitted, Defendant denies the allegations contained in this paragraph.  This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

17.    Defendant admits that the document attached as Exhibit 4 to the Complaint speaks for itself.  Except as so admitted, Defendant denies the allegations contained in this paragraph.  This paragraph also consists of legal

DEFENDANT'S ANSWER TO COMPLAINT

contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

18.     Defendant admits that the document attached as Exhibit 4 to the Complaint speaks for itself.  Except as so admitted, Defendant denies the allegations contained in this paragraph.  This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

19.     Defendant admits that Larry Cohen died on March 23, 2019, and further admits that the document attached as Exhibit 4 to the Complaint speaks for itself.  Except as so admitted, Defendant denies the allegations contained in this paragraph.  This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

20.     Defendant admits that the document attached as Exhibit 4 to the Complaint speaks for itself.  Except as so admitted, Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

21.     Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

22.     Defendant admits that it is a a signatory to the FPD Agreement, which is attached as Exhibit 2 to the Complaint, and which agreement speaks for itself. Except as so admitted, Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

DEFENDANT'S ANSWER TO COMPLAINT

23.     Defendant admits that the document attached as Exhibit 4 to the Complaint speaks for itself.   Except as so admitted, Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

## FIRST CAUSE OF ACTION

### (Declaratory Relief Re: Copyright Ownership As A Result Of Work Made For Hire)

24.     Defendant restates, re-alleges and incorporates herein by reference its responses contained in Paragraphs 1 through 23, inclusive, as if fully set forth herein.

25.     Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

26.     Defendant denies the allegations contained in this paragraph.

27.     Defendant denies the allegations contained in this paragraph.

28.     Defendant denies the allegations contained in this paragraph.

29.     This paragraph is unintelligible as phrased, and thus Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and on that basis denies those allegations.

30.     Defendant admits that Plaintiff is seeking a judicial determination.

31.     This paragraph consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

DEFENDANT'S ANSWER TO COMPLAINT

## SECOND CAUSE OF ACTION

**(Alternative Claim For Declaratory Relief Re: Ownership Of Sequel And Remake Rights In Plaintiff)**

32.     Defendant restates, re-alleges and incorporates herein by reference its responses contained in Paragraphs 1 through 31, inclusive, as if fully set forth herein.

33.     Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

34.     Defendant admits that Plaintiff is seeking declaratory relief.

35.     Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

36.     This paragraph consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

## THIRD CAUSE OF ACTION

**(Declaratory Relief Re: Lanham Act 43(a)(1)(A))**

37.     Defendant restates, re-alleges and incorporates herein by reference its responses contained in Paragraphs 1 through 36, inclusive, as if fully set forth herein.

38.     Defendant denies the allegations contained in this paragraph. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Defendant denies the legal contentions.

39.     Defendant denies the allegations contained in this paragraph.

5

40.     Defendant admits that Plaintiff is seeking declaratory relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Defendant asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Copyright Ownership)

1.     Plaintiff's claims for relief are barred, in whole or in part, by the fact that Larry Cohen's underlying grant of copyright rights in and to the original screenplay entitled *Maniac Cop* (authored by Larry Cohen) was validly terminated pursuant to Section 203(a) of the United States Copyright Act (17 U.S.C. §203(a)) and the regulations issued thereunder by the Register of Copyrights, 37 C.F.R. §201.10.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

2.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

1

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands insofar as Plaintiff's own actions have caused the alleged harm, if any.

## FIFTH AFFIRMATIVE DEFENSE

### (No Standing)

5.     Plaintiff is not entitled to certain relief under the statutes and legal theories invoked in the Complaint because it lacks standing.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

6.     Any relief awarded to Plaintiff in this action would constitute unjust enrichment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.     Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

9.      Plaintiff's claims for relief are barred, in whole or in part, under the doctrine of consent.

## TENTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

10.      Defendant presently has insufficient knowledge or information on which to form beliefs as to whether there are additional, as yet unstated affirmatives defenses.    Thus, subject to discovery in this action, Defendant expressly reserves its right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.      That Plaintiff's Complaint be dismissed with prejudice in its entirety;

2.      That Plaintiff take nothing by its Complaint and that judgment be entered against Plaintiff in favor of Defendant;

3.      That Defendant be awarded all its costs and any recoverable attorney's fees incurred in defending against this lawsuit; and

4.      That Defendant be granted such other and further relief as this Court may deem just and proper.

Dated:  October 4, 2023

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
DAVID B. JONELIS

By:  /s/ Martin D. Singer
        MARTIN D. SINGER
Attorneys for Defendant
LARCO PRODUCTIONS, INC.

DEFENDANT'S ANSWER TO COMPLAINT

## **DEMAND FOR JURY TRIAL**

Defendant LARCO PRODUCTIONS, INC. hereby demands a jury trial on Plaintiff's Complaint pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  October 4, 2023

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
DAVID B. JONELIS

By:  /s/ Martin D. Singer
        MARTIN D. SINGER
Attorneys for Defendant
LARCO PRODUCTIONS, INC.