**MARTIN D. SINGER (BAR NO. 78166)**
**DAVID B. JONELIS (BAR NO. 265235)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email:   mdsinger@lavelysinger.com
         djonelis@lavelysinger.com

Attorneys for Defendants and
Counter-Claimants
LARCO PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDELL, LLC, a California Limited Liability Company, | CASE NO. 3:23-cv-01264-AGS-DEB |
| Plaintiff, | **DEFENDANT'S COUNTERCLAIM FOR TORTIOUS INTERFERENCE** |
| vs. | |
| LARCO PRODUCTIONS, INC., a New York Corporation; and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| LARCO PRODUCTIONS, INC., a New York Corporation, | |
| Counter-Claimant, | |
| vs. | |
| CORDELL, LLC, a California Limited Liability Company; NICOLAS WINDING REFN, an individual; and ROES 1-10, | |
| Counter-Defendants. | |

Defendant and Counter-Claimant LARCO PRODUCTIONS, INC. ("Larco"), by and through its undersigned counsel, alleges the following Counterclaim against Plaintiff and Counter-Defendant CORDELL, LLC ("Cordell") and Counter-Defendant NICOLAS WINDING REFN ("Refn").

## PARTIES

1. Larco is a foreign corporation organized under the laws of New York, with its principal place of business in San Diego County.

2. On information and belief, Cordell is a California Limited Liability Company duly qualified to conduct business in the State of California, with its principal place of business in Los Angeles County. On information and belief, Cordell is owned and operated by Refn and an individual named William Lustig ("Lustig").

3. On information and belief, Refn is an individual who resides and/or conducts substantial business within California and in particular Los Angeles County.

## JURISDICTION

4. This Court has supplemental jurisdiction over Larco's counterclaim pursuant to 28 U.S.C. § 1367(a) insofar as the counterclaim forms part of the same case or controversy already alleged in Cordell's Complaint.

5. The Court has personal jurisdiction over Cordell by the mere fact that Cordell has initiated this action. The Court also has personal jurisdiction over Refn because he intentionally took actions expressly aimed at causing harm to Larco in this judicial district and which have in fact caused harm to Larco in this judicial district – *i.e.*, by interfering with Larco's rights in and to *Maniac Cop*.

6. Venue is proper in this District because Larco resides in this District, Cordell and Refn are each subject to personal jurisdiction in this District, and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this District.

# FIRST COUNTERCLAIM FOR RELIEF

## (Tortious Interference With Contractual Relations)

7. As alleged in Cordell's Complaint, Larco is a party and signatory to a July 26, 1991 agreement pertaining to the motion picture *Maniac Cop III*, which is attached as Exhibit 4 to the Complaint (the "MCIII Agreement").

8. Exhibit B to the MCIII Agreement sets forth and governs Larco's rights in connection with sequels and remakes of the motion picture *Maniac Cop*. Specifically, pursuant to what Cordell's Complaint refers to as the "revised version of Section 20," Larco has the joint and exclusive right, alongside a company called Magnum Motion Pictures, Inc. ("Magnum"), to produce future *Maniac Cop* sequels and/or remakes and to be compensated for said production efforts. Hence, if a person or company wishes to produce a sequel or remake of *Maniac Cop*, they must first approach <u>both</u> Larco and Magnum, obtain their <u>joint</u> consent, and give them <u>both</u> the opportunity to participate in the production (and be paid accordingly).

9. On information and belief, Cordell and Refn have at all relevant times been aware of Larco's joint production right as set forth in Exhibit B to the MCIII Agreement. In particular:

   (a) Cordell's principal, Lustig, is also the principal of Magnum, and in fact signed the MCIII Agreement on behalf of Magnum. Thus, Cordell has personal knowledge of the MCIII Agreement and Larco's rights thereunder; and

   (b) Cordell's other principal, Refn, is Lustig's longtime business partner, and has been attempting for years (alongside Lustig) to produce a *Maniac Cop* remake. As such, Refn must necessarily be aware of and familiar with the picture's chain of title, which includes the MCIII Agreement and Exhibit B thereto.

2

DEFENDANT'S COUNTERCLAIM

10. Despite Cordell and Refn's awareness of Larco's contractual joint production right under the MCIII Agreement, Cordell and Refn have disregarded and interfered with that right by purporting to obtain derivative rights to *Maniac Cop* without Larco's requisite consent and by attempting to produce a *Maniac Cop* remake without Larco's requisite involvement. In other words, Cordell and Refn have sought to cut Larco out of the picture, both literally and figuratively, notwithstanding their knowledge of his longstanding right to participate in the production.

11. On information and belief, in taking the actions described above, Cordell and Refn intended to interfere with Larco's contractual production right so that they could produce a *Maniac Cop* remake on their own, without having to involve and compensate Larco.

12. As a direct and proximate result of Cordell and Refn's interference, Larco has suffered and incurred, and will continue to suffer and incur, substantial damages, monetary harm and injury in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Larco prays for relief against Cordell and Refn, jointly and severally, as follows:

1. That Larco be awarded damages stemming from Cordell and Refn's interference in an amount subject to proof at trial;

2. That Larco be awarded its costs of suit;

3. That Larco be awarded pre-judgment and post-judgment interest in the maximum amount provided by law; and

//
//
//

4. That the Court grant Larco such other and further relief as it deems just and equitable to make Larco whole for the damage caused by Cordell and Refn.

Dated: October 4, 2023

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
DAVID B. JONELIS

By: /s/ Martin D. Singer
    MARTIN D. SINGER
Attorneys for Defendant and Counter-Claimant LARCO PRODUCTIONS, INC.

## DEMAND FOR JURY TRIAL

Defendant and Counter-Complainant LARCO PRODUCTIONS, INC. hereby demands a jury trial on its Counterclaim pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 4, 2023

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
DAVID B. JONELIS

By: /s/ Martin D. Singer
     MARTIN D. SINGER
Attorneys for Defendant and Counter-Claimant LARCO PRODUCTIONS, INC.