| | |
|---|---|
| 1 | **MARTIN D. SINGER (BAR NO. 78166)** |
| 2 | **DAVID B. JONELIS (BAR NO. 265235)**<br>**LAVELY & SINGER PROFESSIONAL CORPORATION** |
| 3 | 2049 Century Park East, Suite 2400<br>Los Angeles, California 90067-2906 |
| 4 | Telephone: (310) 556-3501<br>Facsimile: (310) 556-3615 |
| 5 | Email:  mdsinger@lavelysinger.com<br>          djonelis@lavelysinger.com |
| 6 | Attorneys for Defendant and |
| 7 | Counter-Claimant CYNTHIA COHEN,<br>as the Executrix of the Estate of Larry Cohen, |
| 8 | erroneously sued as LARCO PRODUCTIONS, INC. |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORDELL, LLC, a California Limited Liability Company, | CASE NO. 3:23-cv-01264-AGS-DEB |
| Plaintiff, | **DEFENDANT'S AMENDED COUNTERCLAIM FOR TORTIOUS INTERFERENCE** |
| vs. | |
| LARCO PRODUCTIONS, INC., a New York Corporation; and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |
| CYNTHIA COHEN, as the Executrix of the Estate of Larry Cohen, | |
| Counter-Claimant, | |
| vs. | |
| CORDELL, LLC, a California Limited Liability Company; NICOLAS WINDING REFN, an individual; and ROES 1-10, | |
| Counter-Defendants. | |

1  Defendant and Counter-Claimant CYNTHIA COHEN ("Cohen"), as the
2 Executrix of the Estate of Larry Cohen (the "Estate"), erroneously sued as
3 LARCO PRODUCTIONS, INC. ("Larco"), by and through her undersigned
4 counsel, alleges the following Amended Counterclaim against Plaintiff and
5 Counter-Defendant CORDELL, LLC ("Cordell") and Counter-Defendant
6 NICOLAS WINDING REFN ("Refn").

## PARTIES

8  1.  Cohen is the Executrix of the Estate of Larry Cohen and an
9 individual who resides in San Diego County. Larry Cohen passed away on
10 March 23, 2019. At all relevant times prior to his death, Larry Cohen conducted
11 business through a fictitious business entity (*i.e.*, a DBA) known as Larco, which
12 has erroneously been sued here as a corporation. Although Larco was previously
13 formed and existed as a New York corporation, Cohen only very recently
14 discovered that, according to the records of the New York Department of State,
15 Larco's corporate status was dissolved as of June 27, 1979 due to a failure to file
16 requisite tax documents in New York.[1] Accordingly, from June 27, 1979 onward,
17 and including at the time of the agreements at issue in this case, Larco ostensibly
18 existed solely as Larry Cohen's DBA.

19  2.  On information and belief, Cordell is a California Limited Liability
20 Company duly qualified to conduct business in the State of California, with its
21 principal place of business in Los Angeles County. On information and belief,
22 Cordell is owned and operated by Refn and an individual named William Lustig

---

[1] At all relevant times, Larco was qualified to do business in California, and all necessary California tax filings were made on its behalf. However, because Larco was formed as a New York corporation, its failure to file the requisite tax documents there resulted in its dissolution notwithstanding its qualification in California. Neither Larry Cohen nor the Estate received notice that Larco had been dissolved in New York, and this fact was only discovered after the present action was filed and Larco had already filed its answer to the Complaint.

("Lustig").

3. On information and belief, Refn is an individual who resides and/or conducts substantial business within California and in particular Los Angeles County.

## JURISDICTION

4. This Court has supplemental jurisdiction over Cohen's counterclaim pursuant to 28 U.S.C. § 1367(a) insofar as the counterclaim forms part of the same case or controversy already alleged in Cordell's Complaint.

5. The Court has personal jurisdiction over Cordell by the mere fact that Cordell has initiated this action. The Court also has personal jurisdiction over Refn because he intentionally took actions expressly aimed at causing harm to the Estate in this judicial district and which have in fact caused harm to the Estate in this judicial district – *i.e.*, by interfering with the Estate's rights in and to *Maniac Cop*.

6. Venue is proper in this District because Cohen resides in this District, Cordell and Refn are each subject to personal jurisdiction in this District, and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this District.

## FIRST COUNTERCLAIM FOR RELIEF

### (Tortious Interference With Contractual Relations)

7. As alleged in Cordell's Complaint, Larry Cohen, through his fictitious business Larco (mistakenly referred to by him as a corporation despite its dissolved status), was a party and signatory to a July 26, 1991 agreement pertaining to the motion picture *Maniac Cop III*, which agreement is attached as Exhibit 4 to the Complaint (the "MCIII Agreement").

8. Exhibit B to the MCIII Agreement set forth and governed Larco's (and thus Larry Cohen's) rights in connection with sequels and remakes of the motion picture *Maniac Cop*, which rights have now passed to the Estate.

Specifically, pursuant to what Cordell's Complaint refers to as the "revised version of Section 20," Larco had the joint and exclusive right, alongside a company called Magnum Motion Pictures, Inc. ("Magnum"), to produce future *Maniac Cop* sequels and/or remakes and to be compensated for said production efforts.  Hence, if a person or company wishes to produce a sequel or remake of *Maniac Cop*, they are required to first approach <u>both</u> Larco and Magnum, obtain their <u>joint</u> consent, and give them <u>both</u> the opportunity to participate in the production (and be paid accordingly).

  9. On information and belief, Cordell and Refn have at all relevant times been aware of Larco's joint production right as set forth in Exhibit B to the MCIII Agreement.  In particular:

    (a) Cordell's principal, Lustig, is also the principal of Magnum, and in fact signed the MCIII Agreement on behalf of Magnum.  Thus, Cordell has personal knowledge of the MCIII Agreement and Larco's rights thereunder; and

    (b) Cordell's other principal, Refn, is Lustig's longtime business partner, and has been attempting for years (alongside Lustig) to produce a *Maniac Cop* remake.  As such, Refn must necessarily be aware of and familiar with the picture's chain of title, which includes the MCIII Agreement and Exhibit B thereto.

  10. Despite Cordell and Refn's awareness of Larco's contractual joint production right under the MCIII Agreement, Cordell and Refn have disregarded and interfered with that right by purporting to obtain derivative rights to *Maniac Cop* without Larco's requisite consent and by attempting to produce a *Maniac Cop* remake without Larco's requisite involvement.  In other words, Cordell and Refn have sought to cut Larco out of the picture, both literally and figuratively, notwithstanding their knowledge of his longstanding right to participate in the

1 production.

2     11.    On information and belief, in taking the actions described above, Cordell and Refn intended to interfere with Larco's contractual production right so that they could produce a *Maniac Cop* remake on their own, without having to involve and compensate Larco.

    12.    As a direct and proximate result of Cordell and Refn's interference, Larco – and thus the Estate – has suffered and incurred, and will continue to suffer and incur, substantial damages, monetary harm and injury in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Cohen prays for relief against Cordell and Refn, jointly and severally, as follows:

    1.    That the Estate be awarded damages stemming from Cordell and Refn's interference in an amount subject to proof at trial;

    2.    That the Estate be awarded its costs of suit;

    3.    That the Estate be awarded pre-judgment and post-judgment interest in the maximum amount provided by law; and

    4.    That the Court grant the Estate such other and further relief as it deems just and equitable to make the Estate whole for the damage caused by Cordell and Refn.

Dated: November 29, 2023

    LAVELY & SINGER
    PROFESSIONAL CORPORATION
    MARTIN D. SINGER
    DAVID B. JONELIS

    By: /s/ David B. Jonelis
          DAVID B. JONELIS
    Attorneys for Defendant and Counter-Claimant CYNTHIA COHEN, as the Executrix of the Estate of Larry Cohen.

4
DEFENDANT'S AMENDED COUNTERCLAIM

## DEMAND FOR JURY TRIAL

Defendant and Counter-Complainant CYNTHIA COHEN, as the Executrix of the Estate of Larry Cohen, erroneously sued as LARCO PRODUCTIONS, INC. hereby demands a jury trial on her Amended Counterclaim pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 29, 2023

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
DAVID B. JONELIS

By: /s/ David B. Jonelis
DAVID B. JONELIS
Attorneys for Defendant and Counter-Claimant CYNTHIA COHEN, as the Executrix of the Estate of Larry Cohen.